UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE CLOUDERA, INC. SECURITIES LITIGATION | Case No. 19-CV-03221-LHK<br><br>**ORDER VACATING APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL; DENYING AS MOOT DEFENDANTS' ADMINISTRATIVE MOTION**<br><br>Re: Dkt. No. 122 |

Before the Court is Defendants' administrative motion requesting modification of the schedule, which has been fully briefed. In their administrative motion, Defendants request additional time to respond to Plaintiffs' consolidated class action complaint to allow the court to determine whether the lead plaintiff process should be reopened as a result of the amendments in the operative complaint.

Having considered the submissions of the parties, the relevant law, and the record in this case, the Court hereby VACATES its order appointing lead plaintiff and lead counsel, ECF No. 85; ORDERS Klin to publish notice of its amended complaint in compliance with the Private Securities Litigation Reform Act ("PSLRA") by April 3, 2020; and DENIES as moot Defendant's administrative motion requesting modification of the briefing schedule, ECF No. 117.

1

Case No. 19-CV-03221-LHK
ORDER VACATING APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL; DENYING AS MOOT
DEFENDANTS' ADMINISTRATIVE MOTION

## I. BACKGROUND

On June 7, 2019, Plaintiff Shanice Christie filed a securities class action complaint ("Complaint") against Defendant Cloudera, Inc. ("Cloudera"); its former Chief Executive Officer, Thomas J. Reilly; its Chief Financial Officer, Jim Frankola; and its former Chief Strategy Officer, Michael A. Olson (collectively, "Defendants"). ECF No. 1. The Complaint asserted two claims under the Securities Exchange Act of 1934 (the "Exchange Act") (codified at 15 U.S.C. § 78a–78qq). The Complaint defined the class as "all purchasers of Cloudera common stock between April 28, 2017 and June 5, 2019, inclusive." Compl. ¶ 1.

Pursuant to the Private Securities Litigation Reform Act ("PSLRA"), Christie published notice of the action to potential lead plaintiffs. ECF No. 14-1 at 14–16; *see* 15 U.S.C. § 78u-4(a)(3)(A). Subsequently, the Court received ten separate motions seeking appointment as lead plaintiff. ECF Nos. 14, 17, 22, 26, 29, 34, 36, 43, 48, 54. On December 16, 2019, the Court appointed Marius J. Klin and the Marius J. Klin MD PA 401K Profit Sharing Plan (collectively, "Klin") as lead plaintiffs pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(iii). ECF No. 85.

On February 14, 2020, Plaintiffs filed a consolidated class action complaint (the "CAC"). ECF No. 91. The CAC added two named plaintiffs and added as defendants a number of individuals and Intel Corporation. *Id.* The CAC also added new claims under the Securities Act of 1933 (codified at 15 U.S.C. § 77a–77bbbb). *Id.* ¶¶ 50–133. Additionally, the CAC expanded the class definition to include:

> all persons who purchased *and/or otherwise acquired* Cloudera common stock: (i) pursuant or traceable to the Registration Statement filed in connection with Cloudera's merger with Hortonworks, Inc. that closed on January 3, 2019 ("Merger"); and/or (ii) between April 28, 2017 and June 5, 2019, inclusive (the "Class Period").

*Id.* ¶ 1 (emphasis added).

On February 29, 2020, Defendants Cloudera, Reilly, Frankola, and Olson ("Moving Defendants") filed an administrative motion requesting that the Court modify the parties' briefing schedule with respect to the anticipated motion to dismiss. ECF No. 117 ("Mot."). Specifically, Moving Defendants requested additional time in which to respond to the CAC so that the Court

2

Case No. 19-CV-03221-LHK
ORDER VACATING APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL; DENYING AS MOOT DEFENDANTS' ADMINISTRATIVE MOTION

1    could consider whether the lead plaintiff appointment process should be reopened due to the

2    changes to the CAC. *Id.* at 1. On February 29, 2020, Plaintiffs filed an opposition. ECF No. 119

3    ("Opp'n"). Following the Court's order to file a reply, ECF No. 121, Moving Defendants filed a

4    reply on March 6, 2020, ECF No. 122 ("Reply").

## II.  DISCUSSION

Moving Defendants argue that Plaintiffs' additions in the CAC warrant reopening the lead plaintiff process because they "fundamentally altered" the nature of this case. Reply at 1. Plaintiffs argue that the CAC does not alter the class definition, and that Christie's June 2019 publication was therefore sufficient. Opp'n at 4. The Court agrees with Moving Defendants.

Where changes to a securities class action complaint "make it likely that individuals who could now be considered potential lead plaintiffs would have disregarded the earlier notice," courts in this district and elsewhere have ordered lead plaintiffs to republish notice under the PSLRA. *See, e.g.*, *Kaplan v. S.A.C. Capital Advisors, L.P.*, 947 F. Supp. 2d 366, 367 (S.D.N.Y. 2013). Although "courts typically disfavor republication when a complaint is amended," an amended complaint with "substantial alteration of the claims can tilt the balance" in favor of republication. *Id.* (quoting *Waldman v. Wachovia Corp.*, No. 08 Civ. 2913, 2009 WL 2950362, at *1 (S.D.N.Y. Sept. 14, 2009)). Such an approach accords with the PSLRA's purpose of ensuring that absent class members and potential lead plaintiffs are aware of their rights. *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier, Inc.*, 2005 WL 1322721, at *2–3 (S.D.N.Y. Jun. 1, 2005).

For example, in *In re Leapfrog, Inc. Securities Litigation*, the 21-page initial complaint "alleged that defendants made rosy statements about [the defendant's] financial outlook." 2005 WL 5327775, at *3 (N.D. Cal. July 5, 2005). Then, the 135-page amended complaint "include[d] new allegations about [the defendant's] distribution and supply chain," which the district court concluded "dramatically alter[ed] the contours of the lawsuit." *Id.* More importantly, the court noted that the plaintiffs substantially expanded the class period from six months to fifteen months.

3

Case No. 19-CV-03221-LHK
ORDER VACATING APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL; DENYING AS MOOT
DEFENDANTS' ADMINISTRATIVE MOTION

*Id.* Under the considerably longer class period, at least one other investor had claimed losses of over $10 million, which were nearly three hundred times more than the initial lead plaintiff's losses of approximately $36,000. *Id.* The court concluded that such circumstances necessitated republication "to ensure that the best plaintiff for the . . . new class period and new allegations represented the class." *Id.*

Similarly, this Court has reopened the lead plaintiff process where an amended complaint so significantly expanded the class that the Court could not assure itself that the initial publication was adequate. *Kipling v. Flex Ltd.*, No. 18-CV-02706-LHK, 2019 WL 1472358, at *2 (N.D. Cal. Apr. 3, 2019). Specifically, the amended complaint "expand[ed] the putative class to include shareholders who owned 'exchange-traded options' on Flex common stock, whereas [the] original complaint (and notice) defined the class as only those who purchased "Ordinary Shares" of Flex stock." *Id.* Moreover, the amended complaint "extend[ed] the class period by six months." *Id.* As a result, the Court found that the plaintiffs' "changes to the amended complaint 'make it likely that individuals who could now be considered potential lead plaintiffs would have disregarded the earlier notice.'" *Id.* (quoting *Kaplan*, 947 F. Supp. 2d at 367).

Plaintiffs attempt to distinguish *Leapfrog* and *Kipling* and instead liken this case to *Thomas v. Magnachip Semiconductor Corp*, No. 14-CV-01160-JST, 2015 WL 3749784 (N.D. Cal. Jun. 15, 2015). Opp'n at 5. There, the Court declined to reopen lead plaintiff process because it was unlikely that "individuals who could now be considered potential lead plaintiffs would have disregarded the earlier notice." *Thomas*, 2015 WL 3749784, at *4 (quoting *Kaplan*, 947 F. Supp. 2d at 367). The plaintiffs amended complaint expanded the class period length and added additional defendants. *Id.* The plaintiffs also added new Securities Act claims to their existing Exchange Act claims. *Id.* However, the court found that the amended complaint "still center[ed] on the same factual scenario" as the original complaint and any new claims and defendants "relate[d] to the same misrepresentations" as those in the original complaint. *Id.* Critically, the court noted that "no new classes of securities or groups of plaintiffs have been added." *Id.* Thus,

4
Case No. 19-CV-03221-LHK
ORDER VACATING APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL; DENYING AS MOOT DEFENDANTS' ADMINISTRATIVE MOTION

the Court found that "proceeding without republication would not 'potentially exclude qualified movants from the lead plaintiff selection process.'" *Id.* (quoting *Kaplan*, 947 F. Supp. 2d at 367).

Admittedly, in this case, some of the amendments in the CAC are similar to those considered by the court in *Thomas*. Specifically, the amendments add additional defendants and add Securities Act claims to the existing Exchange Act claims. *Compare Thomas*, 2015 WL 3749784, at *4, *with* CAC ¶¶ 50–133. Moreover, in many respects, the CAC "still centers on the same factual scenario" as the Complaint, *see Thomas*, 2015 WL 3749784, at *4. Even the new Securities Act claims revolve around Cloudera's merger with Hortonworks, which was previously raised in the Complaint. *Compare* CAC ¶¶ 50–133, *with* Compl. ¶¶ 42–71. Had these been the only changes to the amended complaint, the Court would not order republication or reopen the lead plaintiff process.

Nonetheless, the Court cannot agree with Plaintiffs that the amendments in the CAC are as insubstantial as those in *Thomas*. In addition to the amendments discussed above, the CAC substantially alters the class definitions. Specifically, the Complaint defined the class as "all *purchasers* of Cloudera common stock between April 28, 2017 and June 5, 2019, inclusive." Compl. ¶ 1 (emphasis added). The CAC expanded the class definition to include:

> all persons who purchased *and/or otherwise acquired* Cloudera common stock: (i) pursuant or traceable to the Registration Statement filed in connection with Cloudera's merger with Hortonworks, Inc. that closed on January 3, 2019 ("Merger"); and/or (ii) between April 28, 2017 and June 5, 2019, inclusive (the "Class Period").

CAC ¶ 1 (emphasis added). This new class definition adds an entire group of putative class members who did not *purchase* Cloudera common stock, but rather *acquired* Cloudera stock in exchange for their Hortonworks stock upon the merger of Cloudera and Hortonworks. *See* CAC ¶ 47 (explaining that, upon closing of the merger, each share of Hortonworks stock would "automatically be converted" into the right to receive 1.305 shares of Cloudera common stock). Plaintiff conclusorily asserts that the CAC does not change the pool of lead plaintiff movants. Opp'n 4. Contrary to Plaintiffs' assertion, the CAC inarguably expanded the class definition to

5

include former shareholders of Hortonworks who acquired and did not purchase their Cloudera stock during the Class Period.

Given these changes, the Court finds that the June 2019 publication was insufficient because "individuals who could now be considered potential lead plaintiffs would have disregarded the earlier notice." *See Kaplan*, 947 F. Supp. 2d at 367. Consistent with the former class definition in the Complaint, the June 2019 publication announced that the case was brought "on behalf of all *purchasers* of Cloudera common stock during the Class period." ECF No. 14-1 at 15 (emphasis added). The Court finds it likely that a former Hortonworks shareholder, who never *purchased* any Cloudera stock but only received Cloudera stock during the merger, would have disregarded this notice. As Defendants note, the appearance in the CAC of two new named plaintiffs, Cade Jones and Larry Lenick, bolsters this conclusion. Reply at 2; *see* CAC ¶¶ 64–65. Both Jones and Lenick were former shareholders of Hortonworks who acquired and did not purchase their Cloudera stock during the Class Period. *See* CAC ¶¶ 64–65. Neither one responded to the June 2019 publication by seeking to be appointed as lead plaintiff. In these unique circumstances, the Court finds that it must reopen the lead plaintiff process to ensure that the goals of the PSLRA are effectuated.

Accordingly, the Court hereby VACATES its order appointing Klin as lead plaintiff and appointing Levi & Korsinsky, LLP as lead counsel. ECF No. 85. The Court hereby ORDERS Plaintiffs to publish notice of the CAC in compliance with the PSLRA by April 3, 2020. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), any member of the purported classes seeking appointment as lead plaintiff shall have 60 days thereafter to file a motion seeking appointment as lead plaintiff.[1]

---

[1] The Court need not decide at this time "whether to appoint separate lead plaintiffs to litigate separately the [Securities Act] and [Exchange Act] claims." *See In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.*, 209 F.R.D. 447, 450 (C.D. Cal. 2002). However, it is possible that one lead plaintiff may adequately represent all putative class members, because "[t]he PSLRA presumes that the 'lead plaintiff can vigorously pursue all available causes of action against all possible defendants under all available legal theories.'" *See id.* (quoting *Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1151 (N.D. Cal. 1999)).

6
Case No. 19-CV-03221-LHK
ORDER VACATING APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL; DENYING AS MOOT DEFENDANTS' ADMINISTRATIVE MOTION

Because the Court reopens the lead plaintiff appointment process, the Court also VACATES the briefing schedule for Defendants' anticipated motion to dismiss, ECF No. 87. The Court will set a new schedule upon appointment of lead plaintiff and lead counsel. The Court thus DENIES as moot Moving Defendants' administrative motion to alter the briefing schedule, ECF No. 117.

**IT IS SO ORDERED.**

Dated: March 18, 2020

*Lucy H. Koh*
LUCY H. KOH
United States District Judge