1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
388 Market Street, Suite 1300
San Francisco, CA 94111
Tel: (415) 373-1671
Email: aapton@zlk.com
Email: amccall@zlk.com

*Attorneys for Larry Lenick and
Cade Jones*

[Additional Counsel on signature blocks]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CLOUDERA, INC. SECURITIES LITIGATION | No. 5:19-cv-3221-LHK <br><br> Hon. Lucy H. Koh <br><br> **MOTION TO INTERVENE TO PRESERVE CLAIMS; AND MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Date: February 25, 2021 <br> Time: 1:30 p.m. <br> Courtroom: 8-4th Floor |

<u>**NOTICE OF MOTION AND MOTION**</u>

TO: ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE, that on February 25, 2021 at 1:30 p.m., or as soon as counsel may

be heard, the undersigned will move before the Honorable Lucy H. Koh at the United States District

Court for the Northern District of California, San Jose Courthouse, Courtroom 8 - 4th Floor, 280

South 1st Street, San Jose, CA 95113, pursuant to Rule 24 of the Federal Rules of Civil Procedure

for an Order:

1.      Granting Larry Lenick and Cade Jones leave to intervene; and

2.      Granting such other and further relief as the Court may deem just and proper.

Movants respectfully submit the following memorandum in support of their motion to

intervene.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**TABLE OF CONTENTS**

I.      INTRODUCTION ........................................................................................................... 1

II.    STATEMENT OF ISSUES TO BE DECIDED ................................................................ 2

III.   STATEMENT OF FACTS .............................................................................................. 3

    A.  Factual Background ................................................................................................. 3

    B.  Procedural Background ............................................................................................. 5

IV.   ARGUMENT ................................................................................................................... 6

    A.  Movants are Entitled to Intervene as of Right Under Federal Rule of Civil Procedure

        24(a). .......................................................................................................................... 6

        1.  Movants' motion to intervene is timely. ........................................................ 7

        2.  Movants have a substantial interest in this litigation. ................................... 7

        3.  Movants' interests may be impaired by the disposition of this case. .......................... 8

        4.  Lead Plaintiff has not adequately protected Movants' interests. ................................. 9

    B.  In the Alternative, Movants Should be Granted Permissive Intervention under Rule

        24(b). .......................................................................................................................... 9

        1.  Movants have an independent ground for jurisdiction. ............................................ 10

        2.  Movants' motion is timely. ..................................................................................... 10

        3.  Movants' claim has common question of law and fact with the main action. .......... 10

        4.  Movants' intervention will not unduly delay or prejudice the adjudication of the

            original parties' rights. ........................................................................................ 11

    C.  Movants' comply with Federal Rule of Civil Procedure 24(c). ..................................... 11

V.    CONCLUSION ............................................................................................................. 11

1

## <u>TABLE OF AUTHORITIES</u>

2

**Cases**

3

*Ass'n De Eleveurs De Canards Et D Oies Du Quebec v. Harris*,
  2012 U.S. Dist. LEXIS 196134 (C.D. Cal. Aug. 8, 2012) ...................................................... 6

4

5

*Beckman Indus. v. Int'l Ins. Co.*,
  966 F.2d 470 (9th Cir. 1992) ................................................................................................ 10

6

*Cabazon Band of Mission Indians v. Wilson*,
  124 F.3d 1050 (9th Cir. 1997) ................................................................................................ 6

7

8

*China Agritech, Inc. v. Resh*,
  138 S. Ct. 1800 (2018) ........................................................................................................ 1, 8

9

10

*Day v. Apoliona*,
  505 F.3d 963 (9th Cir. 2007) ................................................................................................ 10

11

*Donnelly v. Glickman*,
  159 F.3d 405 (9th Cir. 1998) .................................................................................................. 6

12

13

*Freedom from Religion Found., Inc. v. Geithner*,
  644 F.3d 836 (9th Cir. 2011) ................................................................................................ 10

14

15

*In re Grupo Unidos Por El Canal S.A.*,
  2015 U.S. Dist. LEXIS 52358 (N.D. Cal. Apr. 21, 2015)................................................. 6, 11

16

*In re Novatel Wireless Sec. Litig.*,
  2014 U.S. Dist. LEXIS 85994 (S.D. Cal. June 23, 2014) ....................................................... 6

17

18

*Sw. Ctr. for Biological Diversity v. Berg*,
  268 F.3d 810 (9th Cir. 2001) ............................................................................................... 8, 9

19

20

*United States v. Alisal Water Corp.*,
  370 F.3d 915 (9th Cir. 2004) .................................................................................................. 7

21

*United States v. Carpenter*,
  298 F.3d 1122 (9th Cir. 2002) ................................................................................................ 7

22

23

*United States v. City of L.A.*,
  288 F.3d 391 (9th Cir. 2002) .................................................................................................. 6

24

**Statutes**

25

15 U.S.C. § 77k(a)................................................................................................................... 10

26

15 U.S.C. § 77l(a)................................................................................................................... 10

27

15 U.S.C. § 77m ............................................................................................................... 1, 5, 8

28

MOTION TO INTERVENE
NOS. 5:19-CV-03221-LHK

15 U.S.C. § 77o(a) ........................................................................................................ 10

15 U.S.C. §77v ............................................................................................................. 10

28 U.S.C. §1331 .......................................................................................................... 10

**Rules**

FED. R. CIV. P. 24 .................................................................................................. 2, 8, 9

FED. R. CIV. P. 24(a) .................................................................................................. 2, 6

FED. R. CIV. P. 24(b) .............................................................................................. passim

FED. R. CIV. P. 24(c) ................................................................................................... 11

MOTION TO INTERVENE
NOS. 5:19-CV-03221-LHK

## I.    INTRODUCTION

Movants Larry Lenick and Cade Jones bring this motion to intervene for the purpose of protecting class claims that otherwise would be time barred under Section 13 of the Securities Act of 1933, 15 U.S.C. § 77m. The claims arise from misleading prospectuses and registration statement filed by Defendant Cloudera, Inc. in connection with its merger with Hortonworks, Inc. that closed on January 3, 2019. The misleading nature of the merger documents were revealed in a Cloudera press release dated March 13, 2019.  On February 14, 2020, Movants, together with Lead Plaintiff, filed an amended complaint in this action asserting, *inter alia*, violations of Sections 11, 12 and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k, 77l, and 77o, against Cloudera, Intel Corporation, its controlling shareholder, and certain current and former officers and directors of Cloudera and Hortonworks, Inc. who signed the registration statement. ECF No. 91. In pertinent part, Movants' complaint alleged that the registration statement and prospectuses contained materially false and misleading statements relating to Cloudera's Unleveraged Free Cash Flow and operating cash flow margin in violation of the Securities Act. These claims were alleged 26 days prior to the expiration of the one-year statute of limitations period set forth in Section 13 of the Securities Act, or March 12, 2020.. ECF No. 91.

Following the filing of the Movants' complaint, the Court reopened the lead plaintiff process. Lead Plaintiff was appointed, but with different counsel. On September 22, 2020, Lead Plaintiff filed a further Amended Complaint that omitted Movants' theory of liability relating to Cloudera's Unleveraged Free Cash Flow and operating cash flow margin. ECF No. 173.

Pursuant to the Supreme Court's ruling in *China Agritech, Inc. v. Resh*, the statute of limitations for these claims to be asserted on a class basis is no longer tolled during the pendency of this lawsuit. 138 S. Ct. 1800, 1808 (2018) ("A would-be class representative who commences suit after expiration of the limitation period, however, can hardly qualify as diligent in asserting claims and pursuing relief. Her interest in representing the class as lead plaintiff, therefore, would not be preserved by the prior plaintiff's timely filed class suit."). Preclusion from potential claims would severely prejudice class members, especially those class members who may be unable or unwilling to pursue claims individually. Given that these claims will expire under the one-year

1

1  statute of limitations on October 18, 2020 (26 days after the filing of the Amended Complaint), a

2  failure to allow intervention would result in the absent class members being precluded from

3  litigating the claims relating to Defendants' false and misleading statements about Cloudera's

4  Unleveraged Free Cash Flow and operating cash flow margin altogether. Therefore, Movants

5  must move to intervene to protect the rights and interests of class members.

6  Movants satisfy the four criteria for intervention under Federal Rule of Civil Procedure

7  24. First, Movants' motion to intervene is timely given that Movant could not have known that

8  plaintiffs would omit Movants' claims from the Amended Complaint, and Movants file this

9  motion just three weeks after the Amended Complaint was filed, prior to the expiration of the

10  one-year statute of limitations, and before Defendants have responded to the Amended Complaint.

11  Second, as a class member who would otherwise be precluded from bringing claims related to

12  Cloudera's false and misleading Unleveraged Free Cash Flow and operating cash flow margin,

13  Movants have a substantial interest in these claims being litigated. Third, if these claims are not

14  brought in this action, Movants and the absent class members will be severely prejudiced if they

15  are precluded from pursuing class claims. Fourth, as plaintiffs have failed to bring these claims

16  on behalf of the absent class members, Movants' and the absent class members' interest have not

17  been protected by plaintiffs and is the very reason for Movants bringing this motion in the first

18  place.

19  Accordingly, the Court should allow Movants to intervene in this action and file the

20  accompanying complaint-in-intervention for the purpose of protecting the class claims that are

21  currently in jeopardy.[1]

22  **II.    STATEMENT OF ISSUES TO BE DECIDED**

23  1.    Whether Movants should be allowed to intervene as of right under FED. R. CIV. P.

24  24(a) to litigate claims under Section 11 of the Securities Act that were initially brought in this

25  action but then omitted by plaintiffs; or alternatively

26  2.    Whether Movants' should be allowed to intervene under FED. R. CIV. P. 24(b) to

27

28  [1] Movants' complaint-in-intervention is attached to the Declaration of Adam M. Apton ("Apton Decl.") as "Exhibit A".

2

1  litigate claims under Section 11 of the Securities Act that were initially brought in this action but

2  then omitted by plaintiffs.

3  **III.     STATEMENT OF FACTS**

4      **A.  Factual Background**

5        Cloudera, a Delaware corporation, is a company specializing in creating platforms for data

6  management, advanced analytical tools, and machine learning to sell to customers.  ¶¶17, 34-36.[2]

7  Cloudera's principal executive offices are located in Palo Alto, California and its stock trades on

8  the New York Stock Exchange ("NYSE") under the ticker symbol "CLDR". ¶17.

9        Hortonworks, a Company similar to Cloudera, is an "open-source global data management

10  solutions company which enable organizations to govern, secure and manage data of any kind,

11  wherever it is located and turn it into actionable intelligence that will help them transform their

12  businesses." ¶41. Within the enterprise Hadoop market, Hortonworks competes against a variety

13  of large software and infrastructure vendors, smaller specialized companies, and custom

14  development efforts. ¶42. Hortonworks principal competitors in this market include pure play

15  Hadoop distribution vendors such as Cloudera. *Id.*

16        On October 13, 2018, Cloudera announced that it had enter into an agreement to merger

17  with its largest competitor in the traditional-Hadoop-based open source market, Hortonworks. ¶3.

18  Pursuant to the merger agreement, each shareholder of Hortonworks would receive 1.305 shares

19  of Cloudera common stock in the all stock merger. *Id.* On December 28, 2018, the shareholders

20  of Cloudera and Hortonworks each voted overwhelmingly in favor of the necessary proposal to

21  consummate the Merger. *Id.*

22        Through the Registration Statement, Cloudera issued and registered 174,508,291 shares

23  of Cloudera common stock. ¶4. Pursuant to the Prospectus and the Form 425 prospectuses,

24  Cloudera offered and sold over 111.7 million shares of Cloudera common stock to Hortonworks'

25

26  [2] Citations to "¶" are to paragraphs of the complaint-in-intervention. Apton Decl. Exhibit A. These
allegations are identical to those brought in the Consolidated Complaint for Violation of the

27  Federal Securities Laws filed in the Action on February 14, 2020 (ECF 91), but omitted by
plaintiffs in the Consolidated Amended Class Action Complaint for Violation of the Federal

28  Securities Laws filed in the Action on September 22, 2020 (ECF 173).

1   shareholders in exchange for their Hortonworks shares held at the effective of the Merger that

2   they received at the closing of Merger. *Id.*

3        The Cloudera Registration Statement and certain of the Form 425 prospectuses, however,

4   were negligently prepared and contained numerous false statements and omitted material

5   information required to be disclosed to investors. ¶¶5, 79. Notably, the Registration Statement

6   contained numerous statements concerning the combined company's cash flows, including its

7   Unleveraged Free Cash Flow and operating cash flow margin. ¶¶80, 86, 88, 90, 92. Specifically,

8   the Registration Statement and prospectuses contained statements by Cloudera executives that,

9   post-merger, Cloudera would operate with 15% operating cash flow margins. ¶¶80, 86, 88, 90.

10  This was misleading because failed to disclose that the 15% operating cash flow margin figure

11  was overstated by 5% in calendar 2020 and/or fiscal year 2021 due to the resulting effect on

12  Cloudera's operating cash flows by applying Cloudera's billing practices to Hortonworks then-

13  existing deferred multi-year contracts/billings (i.e. deferred revenue). ¶¶81-85, 87, 89, 91. These

14  representations by Cloudera were also untrue because it had omitted to disclose the material fact

15  that the 15% operating cash flow margin figure was based in a material part on Hortonworks

16  historic billing practices and was not entirely based on Cloudera's pre-merger billing practices.

17  *Id*.  The Cloudera Registration Statement also included a table containing misleading figures for

18  Cloudera's post-merger Unlevered Cash Flow. ¶92.

19       During after-market hours on March 13, 2019, Cloudera announced its first quarterly

20  report as a combined company. ¶¶6, 95. During a conference call later that day to discuss

21  Cloudera's earnings and the progress of the post-Merger combination of the two companies,

22  Cloudera announced that it was supplanting Hortonworks billing practices with Cloudera's pre-

23  merger billing practices. *Id.* As a result thereof, Cloudera announced a $125 million reduction of

24  Cloudera's operating cash flow in fiscal year 2020, a $75 million reduction in operating cash flow

25  in fiscal year 2021, and that as a result would not achieve a 15% operating cash flow margin in

26  calendar year 2020 or fiscal year 2021. *Id.*

27       After the announcement of this news, Cloudera's stock price fell by $2.90 per share, or

28  19.85%, from its previous closing price of $14.61 per share on March 13, 2019 to close at $11.71

1  per share on extremely high trading volume that was in excess of 37.7 million shares. ¶¶7, 97.

2      **B.  Procedural Background**

3       On June 7, 2019, named plaintiff Shanice Christie brought this action alleging violations

4  of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and

5  78t(a), and SEC Rule 10b-5, 17 C.F.R. § 240.10b-5, promulgated thereunder. ECF No. 1. Pursuant

6  to the Private Securities Litigation Reform Act of 1995, this Court appointed Plaintiffs Mariusz

7  J. Klin and the Mariusz J. Klin MD PA 401K Profit Sharing Plan as the lead plaintiff and approved

8  their selection of Levi & Korsinsky, LLP as lead counsel. ECF No. 85. On February 14, 2020,

9  Plaintiffs filed a consolidated class action complaint that expanded the class definition and added

10  Movants as named plaintiffs, a number of individuals and Intel Corporation as defendants, and

11  new claims under the Securities Act. ECF No. 91. The claims alleged under the Securities Act

12  were timely under Section 13 of that Act.

13       On February 29, 2020, Defendants requested that the Court consider reopening the lead

14  plaintiff appointment process because of the changes to the consolidated class action complaint.

15  ECF No. 117. The Court on March 18, 2020, vacated its order appointing lead plaintiff and lead

16  counsel, ordered the publication of notice of the amended complaint in compliance with the

17  PSLRA by April 3, 2020, and reopened the lead plaintiff appointment process. ECF No. 141.

18       On May 18, 2020, Movants moved for appointment as lead plaintiff and approval of Levi

19  & Korsinsky, LLP as lead counsel. ECF No. 143. Also on May 18, 2020, Mariusz J. Klin and the

20  Mariusz J. Klin MD PA 401K Profit Sharing Plan moved for reappointment as lead plaintiff and

21  for approval of Kahn Swick & Foti, LLC as lead counsel. ECF No. 154. As Movants did not

22  appear to have the largest financial interest in the case, they filed a statement of non-opposition

23  to Klin's motion for appointment as lead plaintiff on May 28, 2020. ECF No. 155. On July 27,

24  2020 the Court appointed Klin as Lead Plaintiff. ECF No. 157.

25       Klin, along with additional named Plaintiffs Robert Boguslawski and Arthur P. Hoffman,

26  filed a Consolidated Amended Class Action Complaint for Violations of the Federal Securities

27  Laws on September 22, 2020. ECF No. 173. The Amended Complaint was substantially similar

28  to the February 14, 2020 complaint filed by Lead Plaintiff and Movants and alleged claims under

1    both the Exchange Act and the Securities Act. Notably, however, the Amended Complaint

2    abandoned Movants' theories of misrepresentation relating to Cloudera's Unleveraged Free Cash

3    Flow and operating cash flow margin alleged in Movants' February 14, 2020 complaint. As these

4    claims become time barred on October 18, 2020, Movants now move to intervene to preserve

5    these claims.

6    **IV.     ARGUMENT**

7           Rule 24 of the Federal Rules of Civil Procedure provides for two types of intervention:

8    (a) intervention of right, and (b) permissive intervention. *See* FED. R. CIV. P. 24(a), (b); *see also*

9    *Ass'n De Eleveurs De Canards Et D Oies Du Quebec v. Harris*, No. 12-cv-5735 SVW (RZ), 2012

10   U.S. Dist. LEXIS 196134, at \*3 (C.D. Cal. Aug. 8, 2012).

11          **A. Movants are Entitled to Intervene as of Right Under Federal Rule of Civil**

12               **Procedure 24(a).**

13          Intervention exists as a matter of right when the applicant "has a legally protected interest

14   that may be impaired by disposition of the pending action and that interest is not adequately

15   represented by existing parties." *In re Novatel Wireless Sec. Litig.*, No. 08cv1689 AJB (RBB),

16   2014 U.S. Dist. LEXIS 85994, at \*5 (S.D. Cal. June 23, 2014). "Under Federal Rule of Civil

17   Procedure 24(a), a court must grant an applicant's request for intervention in an action if: (1) the

18   applicant's motion is timely; (2) the applicant 'claims an interest relating to the property or

19   transaction which is the subject of the underlying action'; (3) the applicant 'is so situated that the

20   disposing of the action may as a practical matter impair or impede [its] ability to protect that

21   interest'; and (4) the applicant's interest is not adequately represented by the existing parties to

22   the action." *In re Grupo Unidos Por El Canal S.A.*, No. 14-mc-80277-JST (DMR), 2015 U.S.

23   Dist. LEXIS 52358, at \*9 (N.D. Cal. Apr. 21, 2015) (*quoting* FED. R. CIV. P. 24(a)); *Donnelly*

24   *v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998)). "This test is interpreted broadly in favor of

25   intervention." *Cabazon Band of Mission Indians v. Wilson*, 124 F.3d 1050, 1061 (9th Cir. 1997).

26   "A liberal policy in favor of intervention serves both efficient resolution of issues and broadened

27   access to the courts" and often provides an opportunity to "prevent or simplify future litigation

28   involving related issues." *United States v. City of L.A.*, 288 F.3d 391, 397–98 (9th Cir. 2002).

1

**1.   Movants' motion to intervene is timely.**

2      The timeliness of the motion to intervene depends on the consideration of three factors:

3   "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other

4   parties; and (3) the reason for the length of the delay." *United States v. Carpenter*, 298 F.3d 1122,

5   1125 (9th Cir. 2002). "Timeliness is a flexible concept; its determination is left to the district

6   court's discretion." *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004). "[T]he

7   mere lapse of time, without more, is not necessarily a bar to intervention." *Id.*

8      Movants' motion is timely as it is made approximately three weeks after Movants

9   discovered that Lead Plaintiff had abandoned their theory of liability, prior to the expiration of

10  the one-year statute of limitations, and before Defendants have responded to the Amended

11  Complaint.[3] The Ninth Circuit has clearly held that a motion to intervene is timely if it is made

12  "as soon as [the intervenors] had notice that the [underlying proceeding] was contrary to their

13  interests." *Carpenter*, 298 F.3d at 1125 (motion to intervene was timely when made one month

14  following the disclosure of the settlement giving rise to a basis for intervention). Further, there

15  would be no prejudice by granting Movants' motion as Defendants have yet to respond to the

16  Amended Complaint. On the other hand, Movants and the absent class members would be highly

17  prejudiced if the motion was denied as their claims would become time barred.

18

**2.   Movants have a substantial interest in this litigation.**

19     Movants easily satisfy the requirement that it have "a sufficient interest" in the litigation.

20  This requirement is not particularly onerous. "An applicant for intervention has a significantly

21  protectable interest if the interest is protected by law and there is a relationship between the legally

22  protected interest and the plaintiff's claims." *Alisal Water*, 370 F.3d at 919. The Ninth Circuit has

23  observed that "[t]he 'interest' test is not a bright-line rule." *Id.* The test is met if the applicant

24  demonstrates "an economic interest [that is] concrete and related to the underlying subject matter

25  of the action." *Id.*

26     Movants have a substantial interest in this litigation as putative class members who face

27

28

---

[3] Defendants' response to the Amended Complaint is currently due October 27, 2020. ECF No. 161.

MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE
NOS. 5:19-CV-03221-LHK

1    the possibility of being foreclosed from pursuing Section 11 claims against Defendants relating

2    to Cloudera's Unleveraged Free Cash Flow and operating cash flow margin. Here, the underlying

3    subject matter of the action is Cloudera's false and misleading statements issued in its Registration

4    Statement in violation of the Securities Act. As plaintiffs failed to bring claims relating to

5    Defendants' false and misleading statements about Cloudera's post-merger Unleveraged Free

6    Cash Flow and operating cash flow margin issued in Cloudera's Registration Statement, there is

7    a relationship between Movants' legally protected interest and plaintiffs' claims. *See Sw. Ctr. for*

8    *Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001) ("An applicant demonstrates a

9    'significantly protectable interest' when 'the injunctive relief sought by the plaintiffs will have

10   direct, immediate, and harmful effects upon a third party's legally protectable interests.'").

11               **3.   Movants' interests may be impaired by the disposition of this case.**

12   "[I]f an absentee would be substantially affected in a practical sense by the determination

13   made in an action, he should, as a general rule, be entitled to intervene." *Sw. Ctr.*, 268 F.3d at 822

14   (*quoting* FED. R. CIV. P. 24). Here, there is plainly a threat that Movants' interests will be

15   impaired by the resolution of this case.

16   In *China Agritech*, the Supreme Court held that an absent class member's new suit does

17   not relate back to an earlier filed action for statute of limitation purposes if the statute of

18   limitations has already expired. *See China Agritech*, 138 S. Ct. at 1808 ("A would-be class

19   representative who commences suit after expiration of the limitation period, however, can hardly

20   qualify as diligent in asserting claims and pursuing relief. Her interest in representing the class as

21   lead plaintiff, therefore, would not be preserved by the prior plaintiff's timely filed class suit.").

22   Therefore, under *China Agritech*, Movants must intervene in order to preserve claims that the

23   Lead Plaintiff failed to bring on their behalf.

24   Here, Movants filed a complaint in this action on February 14, 2020, 26 days prior to the

25   expiration of the one-year statute of limitations period set forth in 15 U.S.C. § 77m. ECF No. 91.

26   However, after the reopening of lead plaintiff, plaintiffs omitted Movants' theory of liability

27   relating to Cloudera's Unleveraged Free Cash Flow and operating cash flow margin in the

28   Amended Complaint dated September 22, 2020. ECF No. 173. Accordingly, given that these

1    claims will expire under the one-year statute of limitations on October 18, 2020 (26 days after the

2    filing of the Amended Complaint), a failure to allow intervention would result in the absent class

3    members being precluded from bringing these claims altogether. Therefore, Movants must move

4    to intervene to protect the rights and interests of class members.

5          As Movants' and the absent class members' interests will be impaired by the disposition

6    of this case, Movants are entitled to intervene in this suit under Rule 24(a).

7          **4.  Lead Plaintiff has not adequately protected Movants' interests.**

8          To determine whether the existing parties would adequately represent the intervenor's

9    interests, courts consider three factors: "(1) whether the interest of a present party is such that it

10   will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable

11   and willing to make such arguments; and (3) whether the would-be intervenor would offer any

12   necessary elements to the proceedings that other parties would neglect." *Sw. Ctr.*, 268 F.3d at

13   822. "[T]he burden of showing inadequacy is 'minimal,' and the applicant need only show that

14   representation of its interests by existing parties 'may be' inadequate." *Id*. at 823.

15         Here, Lead Plaintiff has already failed to make Movants' arguments and protect their and

16   the absent class members' interests. This failure confirms that Lead Plaintiff will not "make all

17   the intervenor's arguments" and are not "capable and willing to make such arguments." *See Sw.*

18   *Ctr*., 268 F.3d at 822. Therefore, the fact that Movants are willing to bring this claims shows they

19   would bring elements to the proceedings that Lead Plaintiff would neglect. Thus, the Movants

20   have met their "minimal" burden of showing that their interests will not be adequately protected.

21   *Id*. at 823.

22                                *      *      *

23         As Movants satisfy the requirements of Rule 24(a), the Court should grant Movants'

24   motion to intervene as of right.

25         **B.  In the Alternative, Movants Should be Granted Permissive Intervention under**

26              **Rule 24(b).**

27         Typically, "[p]ermissive intervention to litigate a claim on the merits under Rule 24(b)

28   requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common

1    question of law and fact between the movant's claim or defense and the main action." *Beckman*

2    *Indus. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992). The Court must also consider "whether

3    the intervention will unduly delay or prejudice the adjudication of the original parties' rights."

4    FED. R. CIV. P. 24(b)(3).

5                    **1.    Movants have an independent ground for jurisdiction.**

6                    "In federal-question cases there should be no problem of jurisdiction . . . when one seeking

7    to intervene as a plaintiff relies on the same federal statute as does the original plaintiff." *Freedom*

8    *from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 844 (9th Cir. 2011) (internal quotations

9    omitted).

10                   Here, Movants' claims arise under and pursuant to Sections 11, 12, and 15 of the Securities

11   Act, 15 U.S.C. §§ 77k(a), 77l(a), and 77o(a). This Court has jurisdiction over the subject matter

12   of this action pursuant to Section 22 of the Securities Act, 15 U.S.C. §77v; and 28 U.S.C. §1331.

13   Further, Movants rely on the same federal statute as the plaintiffs.

14                   Therefore, this requirement is easily met.

15                   **2.    Movants' motion is timely.**

16                   As shown above, Movants' motion is made just three weeks after the filing of the

17   Amended Complaint, within the one-year statute of limitations, and before Defendants have

18   responded to the Amended Complaint. Accordingly, as set forth above, Movants satisfy this

19   requirement. *See, e.g., Day v. Apoliona*, 505 F.3d 963, 965-66 (9th Cir. 2007) (allowing the State

20   of Hawaii to intervene and petition for rehearing two years after the start of a case).

21                   **3.    Movants' claim has common question of law and fact with the main**

22                           **action.**

23                   Here, the central issues of law in the Amended Complaint and Movants' complaint are the

24   same: whether Cloudera's Registration Statement contained materially false and misleading

25   statements. Movants' claims arise out of the same Registration Statement as Lead Plaintiffs'

26   claims, and entail the same background facts. The only difference is that Movants allege that

27   additional statements in Cloudera's Registration Statement relating to Cloudera's Unleveraged

28   Free Cash Flow and operating cash flow margin to be materially false and misleading. Therefore,

1    Movants have shown that there is "a claim or defense that shares with the main action a common

2    question of law or fact." *See* FED. R. CIV. P. 24(b)(1)(B). Accordingly, this element is also

3    satisfied.

**4.  Movants' intervention will not unduly delay or prejudice the**

**adjudication of the original parties' rights.**

6            As discussed above, no party will be prejudiced by Movants' intervention. Further, as

7    Defendants have yet to respond to the Amended Complaint, Movants' intervention will not

8    unduly delay the action. *See Grupo Unidos*, 2015 U.S. Dist. LEXIS 52358, at *16 (no undue delay

9    or prejudice where "[t]he central issues are the same"). However, if Movants' motion is denied,

10   Movants and the absent class members will be highly prejudiced as they will lose the ability to

11   proceed with their claims.

12                                         *       *       *

13           Accordingly, Movants' motion should be granted under FED. R. CIV. P. 24(b).

14   **C.  Movants' comply with Federal Rule of Civil Procedure 24(c).**

15           "A motion to intervene must . . . be accompanied by a pleading that sets out the claim or

16   defense for which intervention is sought." FED. R. CIV. P. 24(c). Movants have attached as

17   Exhibit A to the Declaration of Adam M. Apton the complaint setting forth the claims for which

18   intervention is sought.

19   **V.       CONCLUSION**

20           For the foregoing reasons, this Court should grant Movants' motion in its entirety and

21   allow Movants to bring claims relating to Defendants' violation of the Securities Act that were

22   omitted by plaintiffs as set forth in the attached complaint.

23   Dated: October 16, 2020                  Respectfully submitted,

24                                            **LEVI & KORSINSKY, LLP**

25                                            */s/ Adam M. Apton*
                                             Adam M. Apton (SBN  316506)
26                                           Adam C. McCall (SBN 302130)
27                                           388 Market Street, Suite 1300
                                             San Francisco, CA 94111
28                                           Telephone: (415) 373-1671

MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE
NOS. 5:19-CV-03221-LHK

1

Facsimile: (415) 484-1294
Email: aapton@zlk.com

2

Email: amccall@zlk.com

3

-and-

4

Nicholas I. Porritt (*to be admitted pro hac vice*)

5

Alexander A. Krot, III (*to be admitted pro hac vice*)
**LEVI & KORSINSKY, LLP**

6

1101 30th Street N.W., Suite 115
Washington, D.C. 20007

7

Tel: (202) 524-4290
Fax: (212) 363-7171

8

Email: nporritt@zlk.com
Email: akrot@zlk.com

9

10

*Attorneys for Larry Lenick and
Cade Jones*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE
NOS. 5:19-CV-03221-LHK