UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE CLOUDERA, INC.<br>SECURITIES LITIGATION | Case No. 5:19-CV-03221-LHK<br><br>**ORDER DENYING MOTION TO INTERVENE** |

Lead Plaintiff Mariusz J. Klin and the Mariusz J. Klin MD PA 401K Profit Sharing Plan ("Lead Plaintiff"), along with Named Plaintiffs Robert Boguslawski and Arthur P. Hoffman, bring this putative securities class action against Defendants Cloudera, Inc., Hortonworks, Inc., Intel Corporation, and certain current and former officers and directors of Cloudera and Hortonworks, pursuant to §§ 10(b) and 20(a) of the Securities Exchange Act of 1934, SEC Rule 10b-5, 17 C.F.R. § 240.10b-5, and §§ 11, 12, and 15 of the Securities Act of 1933. ECF No. 173. Before the Court is a motion to intervene filed by putative class members Larry Lenick and Cade Jones ("Movants").[1] ECF No. 176. Having considered the parties' submissions, the relevant law, and

---

[1] Movants' motion to intervene contains a notice of motion that is paginated separately from the

the record in this case, the Court DENIES Movants' motion to intervene.

**I.      BACKGROUND**

On December 16, 2019, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Court appointed Plaintiff Mariusz J. Klin and the Mariusz J. Klin MD PA 401K Profit Sharing Plan as Lead Plaintiff and Levi & Korsinsky, LLP as lead counsel.  ECF No. 85.

On February 14, 2020, Lead Plaintiff filed a consolidated class action complaint that expanded the class definition, added new claims under the Securities Act of 1933, and added Movants as named plaintiffs.  ECF No. 91.

On February 28, 2020, Defendants requested that the Court reopen the lead plaintiff appointment process because the consolidated class action complaint added claims and new plaintiffs.  ECF No. 117.  On March 18, 2020, the Court vacated its order appointing lead plaintiff and lead counsel; ordered publication of notice of the amended complaint in compliance with the PSLRA; and reopened the lead plaintiff appointment process.  ECF No. 141.

On May 18, 2020, Movants moved for appointment as lead plaintiffs and for the approval of Levi & Korsinsky, LLP as lead counsel.  ECF No. 143.  The same day, Mariusz J. Klin and the Mariusz J. Klin MD PA 401K Profit Sharing Plan moved for reappointment as lead plaintiff and for approval of Kahn Swick & Foti, LLC as lead counsel.  ECF No. 154.  On May 28, 2020, Movants filed a statement of non-opposition to Klin's motion for appointment as lead plaintiff. ECF No. 155.  On July 27, 2020, the Court appointed Mariusz J. Klin and the Mariusz J. Klin MD PA 401K Profit Sharing Plan as Lead Plaintiff and Kahn Swick & Foti, LLC as lead counsel.  ECF No. 157.

On September 22, 2020, Lead Plaintiff filed a consolidated amended class action complaint.  ECF No. 173 ("CAC").

On October, 16, 2020, Movants filed the instant motion to intervene ("Mot.").  ECF No.

---

points and authorities in support of the motion.  ECF No. 176, at i.  Civil Local Rule 7-2(b) provides that the notice of motion and points and authorities must be contained in one document with the same pagination.

176.  On October 30, 2020, Lead Plaintiff filed an opposition ("Opp.").  ECF No. 181.  On October 30, 2020, Defendants filed an opposition.  ECF No. 182.  On November 6, 2020, Movants filed a reply ("Reply").  ECF No. 183.

## II.     DISCUSSION

Movants argue that intervention is appropriate as a matter of right under Federal Rule of Civil Procedure 24(a) and with the permission of the Court under Rule 24(b).  Movants seek to intervene for themselves and absent class members to file a complaint-in-intervention alleging claims under § 11 of the Securities Act of 1933.  Mot. at 2.  Specifically, Movants seek to bring a claim under § 11 for allegedly materially false and misleading statements contained in Cloudera's Registration Statement and Form 425 Prospectuses concerning "Unleveraged Free Cash Flow and operating cash flow margin."  Mot. at 4.  Lead Plaintiff's consolidated amended class action complaint alleges claims under § 11 of the Securities Act of 1933 for allegedly materially false and misleading statements made in the Cloudera Registration statement.  *See* CAC at ¶¶ 141–152.  However, Lead Plaintiff's consolidated amended class action complaint focuses on statements related to Cloudera's technological capabilities and the reason for Cloudera's merger with Hortonworks, rather than statements related to Cloudera's cash flow accounting practices.  Lead Plaintiff and Defendants argue that Movants' motion to intervene should be denied under both Rule 24(a) and 24(b).

### A.   Rule 24(a): Intervention as of Right

Movants first argue that they are entitled to intervene pursuant to Federal Rule of Civil Procedure 24(a).  Under Rule 24(a), a putative intervenor seeking intervention as a matter of right must demonstrate either an "unconditional right to intervene by a federal statute" or that the putative intervenor satisfies a four-factor test.  Fed. R. Civ. P. 24(a).  The four-factor test requires the putative intervenor to "(1) assert a significant protectable interest relating to the property or transaction that is the subject of the action; (2) be represented inadequately by the parties to the action; (3) be situated such that disposition of the action, as a practical matter, may impair or impede one's ability to protect that interest; and (4) file a timely motion."  *Hatamian v. Advanced*

*Micro. Devices, Inc.*, 2017 WL 1075051, at *1 (N.D. Cal. March 22, 2017) (citing *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011)). Although the requirements of Rule 24(a) are interpreted broadly in favor of intervention, courts are "guided primarily by practical and equitable considerations." *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998).

Failure to satisfy any one of the four requirements is a sufficient ground to deny a motion to intervene, and the Court is not required to reach the remaining requirements if the Court finds that any requirement is not satisfied. *See Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009) (failure to meet any of the requirements is fatal to a motion for intervention); *see also Hatamian*, 2017 WL 1075051, at *1 (same).

Movants first argue that Lead Plaintiff does not adequately represent Movants because Lead Plaintiff does not allege the same theory of liability under §§ 11, 12(a)(2), and 15 of the 1933 Securities Act that Movants allege in the complaint-in-intervention. Mot. at 9; ECF No. 176-2, at 79–93. Movants' theory of liability was included in the Consolidated Class Action Complaint, but Lead Plaintiff omitted Movants' preferred allegedly false and misleading statements from the Consolidated Amended Class Action Complaint. Lead Plaintiff argues that the Consolidated Amended Class Action Complaint includes claims under §§ 11, 12(a)(2), and 15 of the 1933 Act, but focuses on different allegedly materially false and misleading statements by Defendants, rather than the statements that Movants identify. Opp. at 3. Lead Plaintiff therefore argues that Lead Plaintiff is an adequate representative and Movants' motion to intervene amounts to nothing more than a disagreement in legal strategy, which seeks to undermine the Court's appointment of Lead Counsel under the PSLRA. *Id.* at 4.

In order to determine whether representation is adequate, courts generally examine the following three factors: (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Arakaki v. Cayetano*, 324 F.3d 1078,

4

1086 (9th Cir. 2003). However, when a "[putative intervenor] and an existing party share the same ultimate objective, a presumption of adequacy of representation arises." *Id.* Although the burden of showing inadequacy is generally minimal, a putative intervenor must make a "compelling showing" of inadequacy to rebut the presumption of adequacy. *Id* at 1086–87. That presumption "may be overcome by evidence of collusion, nonfeasance, adversity of interest, incompetence, or lack of financial resources." *Brooks v. Life Care Centers of America, Inc.*, 2015 WL 13390031, at *2 (C.D. Cal. March 3, 2015) (citing *Farmland Irrigation Co. v. Dopplmaier*, 220 F.2d 247, 248–49 (9th Cir. 1955).

Lead Plaintiff and Movants share the same ultimate objective, which is the largest possible recovery for the putative class of Cloudera shareholders. In fact, Movants filed a statement of non-opposition to Lead Plaintiff's motion for appointment as lead plaintiff, in which Movants acknowledged that Movants "do not appear to have the largest financial interest" in the litigation. ECF No. 155, at 1. Lead Plaintiff and Movants therefore share the same ultimate objective, which is the largest possible financial recovery for the putative class.

Moreover, Movants have not provided "evidence of collusion, nonfeasance, adversity of interest, incompetence, or lack of financial resources," *Brooks*, 2015 WL 13390031 at *2, or otherwise provided evidence to overcome the presumption of adequacy that attaches when the existing party and putative intervenor share the same ultimate objective. *Arakaki*, 324 F.3d at 1086–87. Instead, Movants argue that Lead Plaintiff's Consolidated Amended Class Action Complaint does not allege that Defendants are liable for the allegedly materially false and misleading statements that Movants had previously alleged. Lead Plaintiff has instead focused on other allegedly materially false and misleading statements because Lead Plaintiff argues that Movants' preferred statements are not actionable. Opp. at 3. Adequacy of representation does not turn on whether an existing party will litigate the case "in the exact manner" that a putative intervenor would if they controlled the litigation. *Perry*, 587 F.3d at 954 (inadequate representation is not demonstrated where putative intervenors want to pursue a different strategy in litigating their claims).

Furthermore, when the Court appointed Lead Plaintiff, the Court found that Lead Plaintiff was an adequate representative of the putative class's interests, and that Lead Plaintiff had the largest financial interest in the relief sought by the putative class. ECF No. 157, at 2. Lead Plaintiff is therefore incentivized to pursue the largest recovery for putative class members, including Movants and absent class members. Movants have not otherwise demonstrated that Movants' interest diverge in any respect from Lead Plaintiff, or that Lead Plaintiff's representation is otherwise inadequate. *See Dixon v. Cost Plus*, 2012 WL 2499931, at *5 (N.D. Cal. June 27, 2012) (finding that motion to intervene was proper where applicant's interests potentially diverged from the exiting party in two respects). Movants have therefore failed to establish that Lead Plaintiff is an inadequate representative in this action.

Accordingly, the Court DENIES Movants' motion to intervene as a matter of right pursuant to Rule 24(a).

### B. Rule 24(b): Permissive Intervention

Next, Movants argue that they should be granted permissive intervention under Federal Rule of Civil Procedure 24(b). Mot. at 10. Under Rule 24(b), on a timely motion to intervene, the Court may permit intervention by a putative intervenor who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b); *see Brooks*, 2015 WL 13390031, at *3 (same). "Three factors should be evaluated to determine whether a motion to intervene is timely: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects*, 309 F.3d 1113, 1119 (9th Cir. 2002) (internal quotation marks and citations omitted); *see also League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997) (same).

Although intervention under Rule 24(b) is within the Court's discretion, the Court must also consider "whether intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). "Prejudice to the existing parties is the most important consideration in deciding whether a motion to intervene is timely." *Brooks*, 2015 WL 13390031,

at *3 (citing *United States v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984).

Moreover, even where a putative intervenor has satisfied the Rule 24(b) requirements for permissive intervention, a court "may also consider other factors in the exercise of its discretion, including the nature and extent of the intervenors' interest and whether the intervenors' interests are adequately represented by other parties." *Perry*, 587 F.3d at 955 (internal quotation marks and citations omitted).

The Court has already determined that Lead Plaintiff has a "presumption of adequacy of representation," which Movants have not overcome. *Arakaki*, 324 F.3d at 1086. Although Movants would pursue a different theory of liability if they were litigating the putative class members' claims under § 11 of the 1933 Act, Lead Plaintiff and Movants have the same interest in pursuing the largest possible recovery for the putative class pursuant to those claims. Moreover, Movants do not provide any other evidence to overcome Lead Plaintiff's "presumption of adequacy of representation." *Id.* As such, the Court finds that the putative "intervenors' interests are adequately represented by other parties." *Perry*, 587 F.3d at 955.

Furthermore, as both Lead Plaintiff and Defendants point out, permissive intervention would likely delay the proceedings of the case. Defendants have already timely filed their motions to dismiss, and intervention would delay resolution of the motions to dismiss. Moreover, the initiation of discovery is currently stayed pursuant to the PSLRA, and permissive intervention would further delay the initiation of discovery. The original complaint in this case was filed nearly two years ago, and it would further prejudice both the putative class and Defendants if the motions to dismiss and discovery were further delayed. *See Hatamian*, 2017 WL 1075051, at *2 (finding that potential for significant delay if permissive intervention was granted weighed against granting motion to intervene).

Accordingly, the Court DENIES Movants' motion to intervene pursuant to Rule 24(b).

### III.   CONCLUSION

For the foregoing reasons, the Movants' motion to intervene is DENIED.

**IT IS SO ORDERED.**

Dated: April 2, 2021

_____
LUCY H. KOH
United States District Judge

Case No. 5:19-CV-03221-LHK
ORDER DENYING MOTION TO INTERVENE

8